# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LR TRUST, derivatively on behalf of SUNTRUST BANKS, INC., | CIVIL ACTION NO. 1:16-CV-04132-SCJ |
| Plaintiff, | |
| v. | |
| WILLIAM H. ROGERS, JR., PAUL R. GARCIA, M. DOUGLAS IVESTER, KYLE PRECHTL LEGG, DONNA S. MOREA, DAVID M. RATCLIFFE, FRANK P. SCRUGGS, JR., THOMAS R. WATJEN, DR. PHAIL WYNN, JR., ROBERT M. BEALL, II, DAVID H. HUGHES, WILLIAM A. LINNENBRINGER, JEROME T. LIENHARD II, | |
| Defendants, | |
| and | |
| SUNTRUST BANKS, INC., a Georgia corporation, | |
| Nominal Defendant. | |

# [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement ("Preliminary Approval Order") of this Court

dated _____, 2018, on the application of Plaintiff for approval of the settlement of this Action as set forth in the Stipulation of Settlement and Release Agreement dated as of July 24, 2018, including all exhibits thereto (the "Agreement").  Due and adequate notice having been given by SunTrust Banks, Inc. ("SunTrust" or the "Company") and Plaintiff to Current SunTrust Shareholders as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed, and good cause appearing therefor,

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

      1.    This Order and Final Judgment ("Judgment") incorporates herein the Agreement, including the exhibits thereto.  Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Agreement.

      2.    This Court has jurisdiction over the subject matter of the Action, and the Parties to the Agreement have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.

      3.    The record shows that Notices have been given to all Current SunTrust Shareholders in the manner approved by the Court in the Preliminary

Approval Order.  The Court finds that such Notices: (i) constitute reasonable and the best notice practicable under the circumstances; (ii) constitute notice that was reasonably calculated, under the circumstances, to apprise all Current SunTrust Shareholders who could reasonably be identified of the pendency of the Action, the terms of the Settlement, and Current SunTrust Shareholders' right to object to and to appear at the settlement fairness hearing held on _____, 2018 (the "Settlement Hearing"); (iii) constitute due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Rule 23.1(c) of the Federal Rules of Civil Procedure; and (iv) meet the requirements of due process.

4.    In light of the benefits to the Company and the complexity, expense and possible duration of further litigation against the Defendants, the Court hereby fully and finally approves the Settlement, pursuant to Rule 23.1(c), as set forth in the Agreement in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of SunTrust and its shareholders. This Court further finds the Settlement set forth in the Agreement was reached under the supervision of an experienced court-appointed mediator and is the result of arm's-length negotiations between experienced counsel representing the interests of SunTrust, SunTrust's shareholders, and the Individual Defendants.  The

Court has considered any submitted objections to the Settlement and hereby overrules them.

5. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Agreement. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed on the merits and with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Agreement and in this Judgment.

6. The Court finds that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

7. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Agreement.

8. Upon the Effective Date, the Released Persons and all Current SunTrust Shareholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged

Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Demand, the Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Agreement.

9.  The provisions contained in the Agreement (including any exhibits attached hereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons, Plaintiff and Plaintiff's Counsel may file the Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Court hereby approves the Fee and Expense Award in the agreed-upon amount of $ 585,000, in accordance with the Stipulation, and finds that such fee is fair and reasonable.

11. Payment of the Fee and Expense Award shall be made by SunTrust as specified in Section IV.E.3 of the Agreement within five (5) business days after the date of the entry of this Judgment, notwithstanding the existence of any collateral attacks on the Settlement and/or the Fee and Expense Award, including, without limitation, any objections or appeals.

12. In the event the Judgment fails to become final in accordance with the terms of the Agreement, then it shall be the obligation of Plaintiff's Counsel to make refunds or repayments to the Defendants of any attorneys' fees and expenses previously paid within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction. Any attorney who receives any portion of the Fee and Expense Award before the Effective Date of the Agreement shall be subject to the requirement to refund that portion if, and to the extent that, the Fee and Expense Award is reversed or modified on appeal, or if the Effective Date does not occur.

13. Plaintiff and/or any SunTrust stockholder derivatively on behalf of SunTrust are permanently barred and enjoined from commencing, prosecuting,

instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Person.

14. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose.  Defendants, Plaintiff, and each Current SunTrust Shareholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the Agreement, including the exhibits thereto, and only for such purposes.  Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

15. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, this Judgment shall be vacated, and all orders entered and releases delivered in connection with the Agreement and this Judgment shall be null and void, except as otherwise provided for in the Agreement, and the Parties shall be returned to their respective positions immediately prior to the execution of the Agreement.

-8-

16. Judgment shall be, and hereby is, entered dismissing the Action with prejudice and on the merits. The Court finds that this Order and Final Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _____, 2018

_____
The Honorable Steve C. Jones
United States District Judge