IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LR TRUST, derivatively on behalf of SUNTRUST BANKS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>WILLIAM H. ROGERS, JR., PAUL R. GARCIA, M. DOUGLAS IVESTER, KYLE PRECHTL LEGG, DONNA S. MOREA, DAVID M. RATCLIFFE, FRANK P. SCRUGGS, JR., THOMAS R. WATJEN, DR. PHAIL WYNN, JR., ROBERT M. BEALL, II, DAVID H. HUGHES, WILLIAM A. LINNENBRINGER, JEROME T. LIENHARD II,<br><br>  Defendants,<br><br>and<br><br>SUNTRUST BANKS, INC., a Georgia corporation,<br><br>  Nominal Defendant. | CIVIL ACTION NO. 1:16-CV-04132-SCJ |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, a consolidated derivative action is pending before this Court styled *LR Trust v. Rogers*, Civil Action No. 1:16-CV-04132-SCJ (the "Action");

WHEREAS, Plaintiff has made an unopposed application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the Action in accordance with the Agreement dated July 24, 2018 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice; and (ii) approving the form and manner of the dissemination of the Notices to Current SunTrust Shareholders, attached as Exhibits B and C, respectively to the Agreement; and (iii) scheduling a date at least forty-five days after the entry of this Preliminary Approval Order for the Settlement Hearing (as defined below), pursuant to Federal Rule of Civil Procedure 23.1, for the Court to consider and determine whether to approve the terms of the Settlement as fair, reasonable, and adequate, including the payment of attorneys' fees and expenses in the amount separately negotiated by the Parties;

WHEREAS, this Court has considered the Agreement and the exhibits annexed thereto and the arguments of the Parties; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Agreement (in addition to those capitalized terms defined herein);

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.      This Court has jurisdiction over the subject matter of the Action, and the Parties to the Agreement agreed to submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.

2.      The Court does hereby preliminarily approve the Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing (as defined below).

3.      **A hearing (the "Settlement Hearing") shall be held before this Court** on **NOVEMBER 28** 2018, at 10:00 am. [a date at least 45 calendar days from the entry of this Preliminary Approval Order] at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303-3309, Courtroom 1907, to (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and in the best interests of SunTrust and its shareholders; (ii) hear and rule on any objections to the proposed Settlement, the proposed Order and Final Judgment, and the proposed Fee and Expense Award; (iii) determine whether to approve the Fee and Expense Award; and (iv) determine whether the Court should enter the Order

and Final Judgment, attached as Exhibit D to the Agreement, which would dismiss with prejudice the Action and release the Released Claims.

4. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current SunTrust Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

5. Within fifteen (15) business days after the entry of this Order, SunTrust shall cause a notice of the Settlement Hearing, in substantially the form attached as Exhibit C to the Agreement (the "Notice"), and a copy of the Agreement to be posted on the investor relations page of SunTrust's website for thirty (30) calendar days. Plaintiff's Counsel shall cause the Notice and a copy of the Agreement to be posted on the website of WeissLaw LLP for thirty (30) calendar days. Additionally, within fifteen (15) business days after the entry of this Order, SunTrust shall cause a Summary Notice, in substantially the form attached as Exhibit B to the Agreement, to be published once in *Investor's Business Daily*.

6. The form and method of notice provided in the preceding paragraph is the best notice practicable, constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such a notice, and meets the requirements

of Federal Rule of Civil Procedure 23.1, the United States Constitution, and other applicable law.

7.     At least twenty-one (21) calendar days prior to the Settlement Hearing, Defendants' counsel shall serve on Plaintiff's Counsel and file with the Court proof, by affidavit or declaration, of posting and publication of the Notices.

8.     At least twenty-one (21) calendar days prior to the Settlement Hearing, Plaintiff's Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of posting of the Notice.

9.     All papers in support of the Settlement and the Fee and Expense Award shall be filed with the Court and served at least fourteen (14) calendar days prior to the Settlement Hearing.  The Parties shall file with the Court and serve responses to any objections filed pursuant to Paragraph 10 below at least five (5) calendar days prior to the Settlement Hearing.

10.    Any Current SunTrust Shareholder may object to the Settlement of the Action, the proposed Order and Final Judgment, and/or the proposed Fee and Expense Award, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing.  To object, such shareholders must submit copies of: (a) a written statement identifying such person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address,

and telephone number of counsel; (b) proof of current ownership of SunTrust common stock, including the number of shares of SunTrust common stock and the date or dates of purchase; (c) a written statement explaining the person's or entity's objection and the reasons for such objection; and (d) any documentation in support of such objection.  Any objection should not exceed twenty-five (25) pages in length.  If the Shareholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing. Such materials must be filed with the Clerk of the United States District Court for the Northern District of Georgia – Atlanta Division and sent by first class mail to the following addresses and postmarked at least ten (10) calendar days before the Settlement Hearing:

>WEISSLAW LLP
>David C. Katz
>1500 Broadway
>New York, NY 10036 -and-
>
>LAW OFFICES OF DAVID A. BAIN LLC
>David A. Bain
>1050 Promenade II
>1230 Peachtree Street, NE
>Atlanta, GA 30309
>
>*Counsel for Plaintiff*

>TROUTMAN SANDERS LLP
>J. Timothy Mast
>600 Peachtree Street, Suite 3000
>Atlanta, GA 30308 -and-
>
>CABANISS, JOHNSTON, GARDNER,
>DUMAS & O'NEAL LLP
>Crawford S. McGivaren, Jr.
>2001 Park Place North, Suite 700
>Birmingham, AL 35203
>
>*Counsel for Defendants*

Any person or entity who fails to object in the manner described above shall be: (i) deemed to have waived any objection to the Settlement, Order and Final Judgment, and the Fee and Expense Award; (ii) barred from raising such objection in this Action or any other action or proceeding related thereto; and (iii) bound by the Order and Final Judgment and the releases of claims therein.

11. Pending final determination of whether the Settlement should be approved, all proceedings in the Action and all further activity between the Parties regarding or directed toward the Action, save for those activities and proceedings relating to the Agreement and the Settlement, shall be stayed.

12. Pending the Effective Date of the Agreement or the termination of the Agreement according to its terms, Current SunTrust Shareholders and/or any SunTrust Shareholder derivatively on behalf of SunTrust are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the

commencement or prosecution of any action asserting any Released Claims against any Released Person.

13. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current SunTrust Shareholders.

14. All Current SunTrust Shareholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to SunTrust's shareholders.

15. The provisions contained in the Agreement (including any exhibits attached hereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Parties and the Released Persons may file the Agreement and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and

credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. In the event that the Agreement or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored to their respective positions in the Action as of the last date before the Agreement, and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, *nunc pro tunc*.

IT IS SO ORDERED.

DATED:  Sept. 18, 2018

 s/Steve C. Jones_____
The Honorable Steve C. Jones
United States District Judge